## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 21cv01034

Michele Sanphy, et al., PLAINTIFF(S),

V.

Reading School Committee, et al., DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO John F. Doherty, Superintendent Reading Public Schools; 82 Oakland Road, Reading, MA 01867 . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Middlesex Sup__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Court, 200 Trade Center Woburn, MA (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Daniel T.S. Heffernan, Kotin, Crabtree & Strong; One Bowdoin Square, Boston, MA 02114

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A TRUE COPY ATTEST

_signature_

ALAN BISHOP-CONSTABLE

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20___.

_____
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20___    Signature: _____

**N.B.    TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

6.17.2021 , 20___



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO.

| | |
|---|---|
| MICHELE SANPHY and MATTHEW SANPHY, individually and on behalf of their minor child MEAGAN SANPHY<br><br>Plaintiffs,<br><br>v.<br><br>READING SCHOOL COMMITTEE, READING PUBLIC SCHOOLS, THE TOWN OF READING, JOHN F. DOHERTY, JOANNE KING, and MARGARET CULLEN<br><br>Defendants. |  |

## COMPLAINT AND JURY DEMAND

Plaintiffs, Michele Sanphy ("Mrs. Sanphy") and Matthew Sanphy ("Mr. Sanphy"), individually and on behalf of their minor child, Megan Sanphy, (collectively "plaintiffs"), bring this tort and civil rights action to recover for injuries that they suffered as a result of the actions and failures to act on the part of the defendants, Reading School Committee, Reading Public Schools, The Town of Reading, John F. Doherty, Joanne King, and Margaret Cullen (collectively, "defendants").

### PARTIES

1. The plaintiffs, Megan Sanphy and her parents, Michele and Matthew Sanphy, reside in Reading, Middlesex County, Massachusetts.

2. The defendant, John F. Doherty ("Dr. Doherty"), was Superintendent of the Reading Public School District during all or a portion of the period pertinent to this Complaint. He is sued in both her individual and official capacities.

3. The defendant, Joanne King ("Dr. King"), was Principal of Wood End Elementary School ("Wood End Elementary") within the Reading Public Schools during all or a portion of the period pertinent to this Complaint. She is sued in both his individual and official capacities.

4. The defendant, Margaret Cullen, was a teacher at Wood End Elementary and an employee of the Reading Public Schools during all or a portion of the period pertinent to this Complaint. She is sued in both her individual and official capacities.

5. The defendant, the Reading School Committee ("the School Committee"), oversees the operations of the defendant, the Reading Public Schools.

6. Upon information and belief, the defendant, the Town of Reading ("Reading"), oversees the activities of the School Committee.

7. The defendant, the Reading Public Schools, oversees the activities of teachers, administrators, and staff at Wood End Elementary.

## FACTS

8. The Reading Public Schools ("the District") is a recipient of federal financial assistance, including federal financial assistance provided to the District's schools.

9. During all or a portion of the period pertinent to this Complaint, the individual municipal defendants were employed by Reading and/or the School Committee, and they were acting within the scope of their authority as employees of Reading and/or the School Committee.

10. During all or a portion of the period pertinent to this Complaint, one or more of the individual municipal defendants had final authority to formulate policy in their areas of responsibility.

2

11. Meagan Sanphy is currently thirteen (13) years old (DOB 9/29/2007) and has been diagnosed with Down syndrome and anxiety.

12. During the 2019-2020 school year Meagan Sanphy was a fifth-grade student at Wood End Elementary.

13. Margaret Cullen ("Ms. Cullen") was Megan Sanphy's fifth-grade teacher during the 2019-2020 school year.

14. On or about September 17, 2019 Ms. Cullen told Megan to pick up some toys, Megan did not comply.

15. Megan began to fidget with her sweatshirt and continued to refuse to comply with Ms. Cullen's request.

16. As Megan continued to fidget with her sweatshirt, Ms. Cullen forcefully removed her sweatshirt leaving her wearing nothing but her sports-bra and exposed to all in her classroom.

17. Megan was traumatized and humiliated by this act.

18. Megan suffered, and continues to suffer, significant damages as a result of this incident.

19. Megan has been diagnosed with Post Traumatic Stress Disorder ("PTSD"), an increase in anxiety, sleep disturbances, and dysregulation.

20. Megan was unable to attend school in the immediate aftermath of the incident, causing a disruption of her educational program, and was ultimately not able to return to Wood End Elementary.

21. Subsequent to this incident, staff at the Reading school district inaccurately reported the incident and accused Megan of fabricating the incident undermining the ability of Megan's parents and treatment providers to effectively address the trauma.

3

22. Megan was forced to apologize to Ms. Cullen.

23. The Reading School District has refused to provide the necessary supports to address Megan's trauma.

24. In addition to the physical invasion of her bodily integrity, Megan has suffered significant emotional injury.

25. At all relevant times, Megan was under the care of the defendants.

26. The defendants failed to properly care for Megan.

27. The defendants failed to properly institute policies and procedures to ensure Megan's health, safety, and well-being.

28. The defendants failed to properly supervise and train their agents and employees.

29. The defendants, their agents and their employees failed to properly intervene and correct staff who were conducting improper physical management of Megan.

30. The defendants' actions and failures to act caused, and the environment created by the defendants fostered an atmosphere that led to an invasion of her bodily integrity and significant emotional injury to Megan.

31. As a direct and proximate result of these acts and omissions, Megan has suffered an invasion of her bodily integrity. Megan also suffered indignities, humiliation, severe emotional distress, including PTSD.

32. Megan has exhibited significant and concerning changes in behavior, and she has experienced a diminished enjoyment of life.

33. Megan's education has been disrupted, and she has been forced to uproot and change her school.

34. As a direct and proximate result of these acts and omissions, Megan's parents have suffered a loss of consortium.

35. Pursuant to M.G.L. c. 258, § 4, on September 11. 2020, Mr. and Mrs. Sanphy individually and as guardians of their daughter Megan served the municipal defendants with a presentment letter. See Exhibit 1, September 11, 2020 letter from the plaintiffs' attorney, Daniel T.S. Heffernan, to Reading Officials, a copy which is attached hereto as Exhibit A.

## COUNT I
### (Violation of 42 U.S.C. § 1983)
(By Megan Sanphy against defendants John F. Doherty, Joanne King, and Margaret Cullen)

36. The plaintiffs re-allege paragraphs 1 through 35, above and incorporate them herein by reference.

37. Each and every act and omission alleged herein was done by the defendants not only as individuals, but also under the color and pretenses of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts, and the rules, policies, and direction of the District, having been clothed with both actual and apparent authority by the governing body, the School Committee and/or Monson.

38. The defendants acted with deliberate indifference or gross negligence in failing to supervise and train staff at Wood End Elementary.

39. Megan has been deprived by the defendants, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States, including the right to be free from intrusions into her bodily integrity and to receive a public education.

40. As a direct and proximate result of such deprivation, Megan suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT II
### (Violation of 42 U.S.C. § 1983)
(By Megan Sanphy against the Town of Reading, the Reading School Committee, Reading Public Schools and Defendant John F. Doherty in his Official Capacity)

41. The plaintiffs re-allege paragraphs 1 through 40, above and incorporate them herein by reference.

42. The defendants were deliberately indifferent to or tacitly authorized the wrongful conduct of their agents and/or employees described above and failed to prevent further emotional injury.

43. The defendants' failure to adequately supervise their agent and/or employees at Wood End Elementary caused Megan to be subject to the injuries described above.

44. The defendants' failure to adequately train their agent and/or employees at Wood End Elementary caused Megan to be subject to the injuries described above.

45. The actions and inactions of the defendants were part of a custom or policy that caused Meagan to be subject to the injuries described above.

46. As a consequence of such custom or policy, Megan has been deprived by the defendants, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States, including the right to be free from intrusions into her bodily integrity and to receive a public education.

47. As a direct and proximate result of such deprivation, Megan suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT III
### (Violation of Title IX, 20 U.S.C. § 1681)
### By Megan Sanphy against the Town of Reading, the Reading School Committee, Reading Public Schools and Defendant John F. Doherty in his Official Capacity)

48. The plaintiffs re-allege paragraphs 1 through 47, above and incorporate them herein by reference.

49. On information and belief the municipal defendants are recipients of federal funds.

50. The municipal defendants, in violation of Title IX, 20 U.S.C §1681, denied Megan Sanphy the benefits of her education program and creation of a hostile educational environment through sexual harassment.

51. The conduct of school employees had the effect of unreasonably interfering with Megan's education by creating an intimidating, hostile, humiliating, and sexually offensive educational environment.

52. As a direct and proximate result of such deprivation, Megan suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, invasion of bodily integrity, and deprivation of the benefits of her educational programs. .

## COUNT IV
### (Negligence under M.G.L.c. 258, § 2)
### (By Megan Sanphy against the Town of Reading, Reading Public Schools, and the Reading School Committee)

53. The plaintiffs re-allege paragraphs 1 through 52, above and incorporate them herein by reference.

54. The defendant owed a duty to exercise reasonable care for the protection of Megan against assault and inappropriate conduct and/or contact.

55. The defendant breached that duty by facilitating and failing to prevent assault, misconduct and inappropriate conduct and/or contact that they knew or should have known was occurring.

56. By their actions and inactions, the defendant caused Megan to be subject to the injuries as described above.

57. As a direct and proximate result of the defendant's negligence, Megan suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### (By Megan Sanphy against the Town of Reading, Reading Public Schools, and the Reading School Committee)

58. Plaintiffs incorporate and re-allege by reference paragraphs 1 through 57, above.

59. Defendant owed a duty to Megan to exercise reasonable care when assuming the care, responsibility, and supervision of her.

60. Defendant was negligent and breached their duty to exercise reasonable care in providing a safe environment for the plaintiff.

61. As a result of defendant's conduct, the plaintiff has suffered physical injuries and emotional distress, as more fully alleged herein

## COUNT VI
### (Intentional Infliction of Emotional Distress)
### (By Megan Sanphy against Defendants John F. Doherty, Joanne King, and Margaret Cullen in their Individual Capacities)

62. Plaintiffs re-allege paragraphs 1 through 61, above and incorporate them herein by reference.

63. As a result of the intentional extreme and outrageous conduct of the defendants, Megan suffered severe emotional distress and other injuries that these defendants knew or should have known would be and was the likely result of their actions.

## COUNT VII
### (Violation of Title II, 42 U.S.C. §§ 12131-12165)
### (By Megan Sanphy against the Town of Reading, Reading Public Schools, and the Reading School Committee and John F. Doherty in his official capacity)

64. Plaintiffs re-allege paragraphs 1 through 63, above, and incorporate them herein by reference.

65. At all relevant times, Megan was a qualified individual with disabilities known to the defendants, as described above.

66. Despite her disabilities, Megan was otherwise qualified to participate in or receive the public benefit, services, programs, and activities afforded by the defendants.

67. Megan was denied proper and appropriate oversight, supervision, and services or otherwise discriminated against by the defendants.

68. Megan's discrimination by the defendants was by reason of her disabilities.

69. As a result of this discrimination, Megan was harmed, as described above.

## COUNT VIII
### (Loss of Consortium)
### (By Michele Sanphy and Matthew Sanphy against Defendants John F. Doherty, Joanne King, and Margaret Cullen in their Individual Capacities)

70. The plaintiffs re-allege paragraphs 1 through 69, above and incorporate them herein by reference.

71. At all times material to this civil action, Michele Sanphy and Matthew Sanphy were the parents of Megan.

9

72. As a direct and proximate result of the defendants' negligence, Michele Sanphy and Matthew Sanphy have been deprived of the society, love, affection, companionship, care and services, of their child, Megan, and are entitled to recovery for said loss pursuant to G. L. c. 231, § 85X.

73. Michele Sanphy and Matthew Sanphy seek all damages available against defendants on account of their loss of consortium.

## RELIEF REQUESTED

WHEREFORE, the plaintiffs claim judgment against the defendants and each of them, jointly and severally as follows:

    A.    Compensatory damages in an amount warranted by the evidence at trial;

    B.    Punitive damages in an amount warranted by the evidence at trial;

    C.    Reasonable attorney fees and the costs incurred in this action;

    D.    Such other relief as permitted by statute and as this court shall consider to be fair and equitable.

## JURY DEMAND

The plaintiffs hereby demand a jury on all claims and issues so triable.

Respectfully submitted,

Plaintiffs,
MICHELE SANPHY and MATTHEW SANPHY,
individually and on behalf of their minor child
MEGAN SANPHY

By their Attorney,

|  |  |
|---|---|
|  | */S/ Daniel T.S. Heffernan* |
|  | Daniel T. S. Heffernan, BBO #550794 |
|  | KOTIN, CRABTREE & STRONG, LLP |
|  | One Bowdoin Square |
|  | Boston, MA 02114 |
|  | p: (617) 227-7031 |
|  | f: (617) 367-2988 |
|  | dheffernan@kcslegal.com |
| DATED: May 5, 2021 |  |

# EXHIBIT A



**KOTIN CRABTREE & STRONG**
ATTORNEYS LLP

One Bowdoin Square | Boston, Massachusetts 02114-2925
Tel: 617.227.7031 | Fax: 617.367.2988 | www.kcslegal.com

Daniel T. S. Heffernan
dheffernan@kcslegal.com
Carl A. Misitano
cmisitano@kcslegal.com

September 11, 2020

**BY FEDEX STANDARD OVERNIGHT**

| | |
|---|---|
| Dr. John F Doherty<br>Superintendent of Schools<br>82 Oakland Road<br>Reading, MA, 01867 | Margaret Cullen<br>Reading School District<br>82 Oakland Road<br>Reading, MA, 01867 |
| Charles Robinson, Chair<br>Reading School Committee<br>82 Oakland Road<br>Reading, MA, 01867 | Laura A Gemme, Town Clerk<br>Reading Town Hall<br>16 Lowell Street<br>Reading, MA 01867 |
| Robert W. LeLacheur, Jr.<br>Reading Town Manager<br>16 Lowell Street<br>Reading, MA 01867 | Carlo Bacco<br>Select Board<br>494 Main Street<br>Reading, MA 01867 |
| Vanessa I. Alvarado<br>Select Board<br>7 Grand Street<br>Reading, MA 01867 | Mark L. Dockser<br>Select Board<br>110 Beaver Road<br>Reading, MA 01867 |
| Karen Gately Herrick<br>Select Board<br>9 Dividence Road<br>Reading, MA 01867 | Anne DJ Landry<br>Select Board<br>15 Center Avenue<br>Reading, MA 01867 |

**Re:** Notice of Massachusetts Tort Claim Pursuant to M.G.L. c. 258, §4, on behalf of Megan Sanphy, Matthew Sanphy and Michele Sanphy.

To Whom it May Concern:

I represent Megan Sanphy ("Megan") and her parents, Michele Sanphy ("Mrs. Sanphy") and Matthew Sanphy ("Mr. Sanphy"), of Reading, Massachusetts. I write this presentment letter to

September 11, 2020
2 | Page

you pursuant to M.G.L. c. 258, §4. The City of Reading, the Reading Public Schools, and their officials and individuals (collectively "Reading") were negligent, violated the federal and state civil rights of my clients, and are responsible for the injuries suffered by Megan, and those of Mr. and Mrs. Sanphy, at the hands of Reading employees. On their behalf, we demand $350,000 to resolve their claims.

Megan is currently twelve (12) years old [DOB: 9/29/2007] and has been diagnosed with Down syndrome, anxiety and, as a result of the actions of Reading employees, Post Traumatic Stress Disorder. Megan began attending the Reading Public Schools at age three (3) and been on an IEP since then.

During the beginning of the 2019-2020 school year, Megan was fifth grade (5th) student at Wood End Elementary School in Reading. Margaret Cullen was Megan's teacher. On or about September 17, 2019, Ms. Cullen told Megan to pick up some toys. When Megan did not comply as quickly as Ms. Cullen wanted and began fidgeting with her sweatshirt, Ms. Cullen outrageously and forcefully pulled off Megan's sweatshirt leaving her exposed to all in her classroom in her sports bra.

Megan was traumatized and humiliated by this outrageous act. Subsequent acts by various Reading staff compounded the damage done to Megan. The staff inaccurately reported what occurred, essentially accusing Megan of being a liar and undermining the ability of Megan's parents and therapist to effectively address this trauma; made *Megan* apologize to Ms. Cullen; and ineffectively addressed Megan's trauma.

Megan has and continues to suffer serious damages as a result. Megan has been diagnosed with PTSD, experienced serious anxiety and sleep disturbances, became dysregulated, was unable to attend school for a while, and was not able to return to Wood End Elementary School.

As a direct result of Reading's negligent and intentional actions and inactions leading to the incidents described above, Megan suffered serious injuries and continues to suffer from the symptoms caused by those injuries.

Additionally, Megan's parents have suffered emotional distress and anguish, which has greatly impacted their family relationship and caused a loss of consortium.

September 11, 2020
3 | Page

Based on the above, my clients demand that Reading pay $350,000 in satisfaction of their claims. Please respond to this demand at your earliest convenience. Should you have any questions, please do not hesitate to contact me.

Thank you for your attention to this matter.

                                        Very truly yours,

                                        */s/Daniel T.S. Heffernan*
                                        */s/Carl A. Misitano*

                                        Daniel T. S. Heffernan
                                        Carl A. Misitano

DTSH/cd

cc: Michele and Matthew Sanphy